Spear, J.
The proposition of the counsel appearing for the motion is that, by force of the act of May 12, 1902, amending Sec. 6710 of the Revised Statutes, this court is without jurisdiction to entertain the cause and review the judgment of the circuit court. That act is as follows:
“An act to amend section 6710 (as amended 93 O. L., 255) of the Revised Statutes of Ohio.

“Be it enacted by the general assembly of the state of Ohio:

“Section 1. That section 6710 (as amended 93 O. L., 255) of the Revised Statutes, be amended so as to read as follows:
“Section 6710. A judgment rendered, or a final order made, by any circuit court, or a judge thereof, court of common pleas, or a judge thereof, probate court, insolvency court, or the superior court, or a judge thereof, may be reversed or modified by the supreme court, on petition in error, for errors appearing on the record, in any case in quo warranto, mandamus, habeas corpus, procedendo, or in which is involved the construction of the constitution of the United States, or the state of Ohio, or the jurisdiction of any court of this state, or the construction or validity of a treaty or statute of, or authority exercised under the United States, or in which the decision is contrary to that of any circuit court, and not in accord with a previous decision in the supreme court; but no petition in error in such cases, except as to'the judgment or final order of the circuit court, or a *624 judge thereof, or of the general term of the superior court of Cincinnati, shall be filed without leave of the supreme court, or judge thereof, and the supreme court shall not in any civil cause or proceeding, except when its jurisdiction is original, be required to determine as to the weight of evidence; and on application of any party excepting to a ruling or decision of the circuit court during the trial, or on motion for a new trial, such court shall find from the evidence and state on the record the facts upon which the alleged error arises, or which may be material in determining whether error has intervened or not.
“Section 2. That section 6710 of the Revised Statutes of Ohio, as amended April 25, 1898, be and the same is hereby repealed.
“Section 3. This act shall take effect from and after its passage, and shall apply to all causes of action existing, and actions pending at that time in all courts inferior to the supreme court.
“Passed May 12, 1902.”
It is insisted on behalf of the motion that the act, by its terms clearly excludes jurisdiction, and is too plain to admit of construction; while opposite counsel maintain that it was not within the legislative intent to deprive this court of any jurisdiction which it had theretofore possessed, but in reality to enlarge its scope by simply removing the exclusion from that jurisdiction of causes in which is involved an amount under three hundred dollars.
The court has been favored, and much aided in the examination of the case, by the arguments of counsel, not only on the part of those of record, but of the others who appeared as amicus curiae.
One of the grounds urged against the literal interpretation of the act, perhaps the principal one, is *625 that the jurisdiction sought now to be denied the court has been exercised by it ever since its organization, save as affected by the amendment of April 25, 1898, excluding causes wherein there was not involved over the sum of three hundred dollars, and from this history of the statute, and of the amendment referred to, it becomes at once manifest that it was not within the legislative intent to take from the jurisdiction of the court, but on the contrary to again confer upon it the full jurisdiction which it has at all times theretofore exercised; that this claim is aided by a consideration of the subject-matter and the general policy of the state with respect to that subject-matter. So that, though the precise letter be against this conclusion, yet if a slight reconstruction of a sentence, or a change in punctuation, or the adding of a conjunctive, will carry out what was the manifest intent of the act,- then such changes are demanded in the public interest, and the statute should be so read, and that this can be done by reading into the statute the word “and” after the word “case,” causing the first lines of the act to read: “A judgment rendered, or a final order made by any circuit court, or a judge thereof, court of common pleas, or a judge thereof, probate court, insolvency court, or-the superior court, or a judge thereof, may be reversed or modified by the supreme court on petition in error, for errors appearing upon the record in any case, and in quo warranto, mandamus, habeas corpus,” etc.
It is further urged that a slight change of punctuation will relieve the difficulty. By changing the comma after the word “record” where it'first appears to a semi-colon, and by inserting a comma before the word “but” in the place of the semi-colon, it will then *626 be plain that the intent was to enlarge and not circumscribe the jurisdiction. A like result would follow, it is suggested, if a comma were inserted after the word “case” and before the words “in quo warranto,” and then the enumeration of classes thereafter following treated as surplusage. ,
Finally it is contended that, upon general principles, the court may well take notice of the information communicated by counsel that neither the author of the bill nor the judiciary committee under whose inspection it presumably passed, ñor the members of either house, had any purpose of curtailing the jurisdiction of this court, or indeed any suspicion until after their adjournment that that result had been brought about.
Undoubtedly the law is that the object of judicial investigation in the construction of a statute is to ascertain and give effect to the intent of the law-making body which enacted it, and that where the provisions of a given act are ambiguous, and its meaning doubtful, the history of legislation on the subject and the consequences of following a literal interpretation of the language may, and ought to be considered. Words may be transposed, or those necessary to a clear understanding and manifestly intended, as shown by the context, inserted. In the same way, and for a like purpose, punctuation may be changed or disregarded. This is allowable where doubt appears on the face of the act. But it is equally the law, we suppose, that the court does not possess, and should not attempt to exercise, the power of introducing doubt or ambiguity not apparent in the language, and then resort to verbal modifications to remove such doubt and conform .the act to the court’s supposition with respect to the intent of the legislature, for it seems well settled, *627 as expressed by Story, J., in Gardner v. Collins, 2 Pet., 58: “What the legislative intent was can be derived only from the words they have used; we cannot speculate beyond the reasonable import of those words. The spirit of the act must be extracted from the words of the act, and not from conjectures aliundeThe principle is expressed in different form by Allen, J., in McClusky v. Cromwell, 11 N. Y., 593: “It is beyond question the duty of courts in construing statutes to give effect to the intent of the lawmaking power and seek for that intent in every legitimate way. But in the construction, both of statutes and contracts, the intent of the framers and parties is to be sought first of all in the words and language employed, and if the words are free from ambiguity and doubt, and express plainly, clearly and distinctly the sense of the framers of the instrument, there is no occasion to resort to other means of interpretation. It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning. Statutes and contracts should be read and understood according to the natural and most obvious import of the language, without resorting to subtle and forced constructions for the purpose of either limiting or extending their operation. Courts cannot correct supposed errors, omissions or defects in legislation, or vary by construction the contracts of parties. The office of interpretation is to bring sense out of the words used and not bring a sense into them.” Citing Lieber’s Polit. and Le. Hermeneutics, 87; 2 Ruth, Inst., Ch. 7, sec. 2; Story’s Com. on Const., sec. 392; Purdy v. The People, 4 Hill, 384 ; Smith Statutes, etc., sec. 478; Waller v. Harris, 20 Wend., 561. And equally *628 clear upon this point are the words of Ruggles, J., at page 604, in dissenting from the judgment. Decisions and opinions of text writers of like import are so abundant that one is at a loss which to select. We content ourselves with citing the following: Woodbury v. Berry, 18 Ohio St., 456; Alexander v. Worthington, 5 Md., 471; Newell v. The People, 7 N. Y., 9; Bishop on Written Laws, sec. 72; Endlich on In. of Statutes, secs. 7, 8; Hardcastle on Com. of Statutes, sec. 2; Sedgwick on S. & C. Con., 194; Smith on Com. Con., 504.
Coming to the act itself it must be apparent to every intelligent reader that, with respect to the question we are considering, there is no. ambiguity or doubt as to the natural meaning of the words used. Taking it just as it comes to us from the hand of the lawmaking body, the import of the act is clear and explicit. To endeavor to make this plainer would be like an effort to reason upon a sum in simple addition. Plainly then we are asked to import into the act a doubt as to its meaning and then resort to a change of phraseology, or punctuation, or to an addition of words, or to a rejection of classes of cases enumerated, in order to remove the doubt that we have thus created, a doubt based upon considerations and conjectures aliunde. This the court may not do. The province of construction is to arrive at the true sense of the language of the act, not to supply language to help out a conjectured intent not to be gathered from the words used. The question is not so much what did the legislature intend to enact, as what did it mean by what it did enact. The words asked to be incorporated would be the words of the expounders and not of the law-makers. Respecting punctuation it may be said as in Trustees v. White, 48 Ohio St., *629 581: “In construing a statute, punctuation may be changed or disregarded. It will not, ordinarily, control unless other means fail. At the same time it is more or less to be relied upon in ascertaining the meaning intended. The presence of a comma, in one place or another, would not be allowed to subvert the obvious meaning of a sentence. On the other hand, it would not without reason appearing for it, be disregarded. If that which appears to have been the general purpose of the legislature is as well effectuated by reading the statute exactly as it has been caused to be printed, as it would be by changing it, even as to punctuation, no adequate motive is present moving to the change.”
Attention is called to a number of reported decisions of this court involving construction where words have been added) the position of others altered or punctuation changed or disregarded. A marked one is that of Sawyer v. State, 45 Ohio St., 343. It was in mandamus to compel the sheriff of Cuyahoga county to issue proclamation for an election of a circuit judge. The act construed was one to amend an act relating to the organization and jurisdiction of the circuit court and other courts.' It purported to provide for the election of three judges of that court, one for the eighth and two for the sixth circuit, “on the first Tuesday of November next,” which that year (1887) would be one week prior to the day of the general fall election. No machinery had been provided in the act for, nor the slightest allusion made to, the manner of conducting the election, or of making and certifying the returns and ascertaining the result. Resort to the provisions of the acts to which this was an amendment, therefore, became necessary in, order to ascertain the method and obtain authority for the conduct *630 of the proposed election. An inspection of those acts showed that full provision had been made for the election machinery and that that provision contemplated the conduct of an election to be held, as specified in the acts, on the first Tuesday after the first Monday. The court was of the opinion that the later act could not be enforced without resort to the authority given by the statute to which it was an amendment, and that, construing the acts as a whole, the legislative intent was to have but one election, and that one to be held at the time fixed by the earlier acts. The court was further of opinion that if the later act was to be treated as special, and as intending to provide for a special election, it was “a vain and idle form by reason of its failure to provide any means of ascertaining and declaring the result, and must fall of its own inherent infirmity.” To prevent this result and save the act, the court held that the real purpose was not to fix the day for holding an election, but to create a new judicial circuit and three new judgeships. The judgment of the circuit court ordering a writ of mandamus was, therefore, affirmed. It would be poor use of space to devote it to explaining the differences between this case and the one at bar. They are apparent at a glance. And it will be found upon an inspection of all the cases where the court has added to or changed the language or punctuation of the law as enacted that there was some doubt as to its meaning apparent on the face of the act.
It is urged that, under the rule that statutes are to be construed in connection with all laws in pari materia, resort should be had to section 440 of the Revised Statutes, which section provides for the advancement of certain cases and the hearing of the same out of their order on the docket, among others *631 those where damages are asked for personal injury or death by negligence, which class of cases is entirely excepted by the terms of the act under review, and, it is insisted, it would be fair to say that had the legislature intended to exclude damage cases some reference would have been made to section 440, so that the two statutes might have been made consistent. At first blush this claim seems reasonable. But its force fades away when it is reflected that section 440 is in no sense a statute giving jurisdiction, but is simply a provision for the order in which causes as to which the court has jurisdiction, may be heard and disposed of. It is to be further observed that section 440 may still have application to causes of which this court had taken jurisdiction before the passage of the act of May 12. And it may be added that a similar inconsistency, if it be such, alike in kind though less in degree, exists between section 440 and section 6710, as it stood prior to the late amendment. The later act affects damage cases generally, while the other affected such as did not involve more than three hundred dollars. Yet it has not been doubted that the three hundred dollar provision is effective, although in that amendment to section 6710 no reference is made to section 440. We are of opinion that a consideration of section 440 hardly aids the contention.
In conclusion we are impressed that if the court may properly assume to place upon this law a construction in conformity with the claim of the counsel who oppose the motion, by the incorporation of additional words, or by the changing of the punctuation so as to give a meaning to the act inconsistent with its terms, no good reason would remain why the court could not as to any piece of legislation, alter it so as to make it conform to the court’s idea of what the act *632 should have been, and thus substitute for the will and judgment of the body whom the people have chosen to make the laws, the will and judgment of those whom the people have selected to expound them.
It is suggested that the record shows that the case is one involving the jurisdiction of the lower court, and for that reason this court has jurisdiction. It is true that one ground of demurrer to the petition was that the court has not jurisdiction of the subject-matter of the action. But an examination of the pleading shows that this could only mean that the court had no jurisdiction to control the official legislative acts of the village council. The point is not well taken.
For the reasons stated the motion will be sustained and the cause dismissed.

Dismissed.

Burket, Davis, Shauck and Price, JJ., concur.